# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**Yamil Navedo-Ramirez,**

  Petitioner

  v.

**United States of America,**

  Respondent.

CIVIL NO. 16-2314 (PG)
Related Crim. No. 10-344-2 (PG)

## OPINION AND ORDER

Before the court is petitioner Yamil Navedo-Ramirez' ("Petitioner" or "Navedo-Ramirez") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1), the United States' (or the "government") opposition thereto (Docket No. 22), and Navedo-Ramirez' reply (Docket No. 23). For the following reasons, the court **DENIES** petitioner's motion to vacate.

### I. BACKGROUND

Navedo-Ramirez was arrested as a result of Operation Guard Shack, a sting operation led by the Federal Bureau of Investigation (FBI) aimed at combating corruption in the Puerto Rico Police Department (PRPD). See United States v. Navedo-Ramirez, 781 F.3d 563 (1st Cir. 2015). On April 9, 2010, Navedo-Ramirez was recruited by a former romantic partner, Wendell Rivera-Ruperto, as extra security for one of the sham drug transactions being organized by the FBI. Petitioner participated in the faux drug transaction on April 14, 2010, and was later arrested for her involvement in the same. Id. at 566. Petitioner was charged with **(1)** conspiracy to possess with intent to distribute over five kilograms of cocaine ("conspiracy count"); **(2)** aiding and abetting an attempt to possess with intent to distribute over five kilograms of cocaine

("substantive count"); and **(3)** possession of a firearm in furtherance of a drug crime ("firearm count"). Petitioner proceeded to trial by jury and was found guilty of the substantive count, aiding and abetting an attempt to possess with intent to distribute cocaine, and of the firearm count, possession of a firearm in relation to a drug trafficking crime. The jury found her not guilty as to the conspiracy count. On November 16, 2012, the court sentenced Navedo-Ramirez to 121 months imprisonment as to the substantive count, to be served consecutively with 60 months as to the firearm count. See id. at 567.

Navedo-Ramirez appealed her conviction and sentence with unprosperous results. In her appeal, Navedo-Ramirez argued that the district court committed various evidentiary errors, and that she should have been granted a downward variance in sentencing because the government supposedly engaged in sentencing factor manipulation. See id. at 565. The First Circuit Court of Appeals soundly rejected these claims, and affirmed Petitioner's conviction and sentence. See id. at 570.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United states, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

## III. DISCUSSION

On June 28, 2016, Navedo-Ramirez presented the motion to vacate (Docket No. 1) challenging her sentence on twenty-six grounds, which, as the following analysis will showcase, must be rejected because they are either procedurally defaulted, waived due to lack of

development, have been resolved against her on direct appeal, have been attended by the court through a separate mechanism, or are simply meritless.

### A. Underdeveloped & Procedurally Defaulted Claims

Firstly, the court deems waived Grounds Five through Nine, Twelve through Fifteen, Seventeen through Twenty-Two, and Twenty-Four through Twenty-Six, because they simply present barebones arguments. The aforementioned grounds, as presented in Petitioner's motion to vacate, are as follows: "**Ground Five**: first time offender, no prior criminal history; **Ground Six**: low level offender, not a risk to the public; **Ground Seven**: no prior state, federal, or criminal history, lesser [*sic*] serious offense code; **Ground Eight**: criminal offenses, overstacked, double-count, overemphasized for the seriousness of the crime; **Ground Nine**: federal rule 29; **Ground Twelve**: bill of particulars; **Ground Thirteen**: Johnson v. United States; **Ground Fourteen**: Welch v. United States, 136 S.Ct. 1257 (2016); **Ground Fifteen**: no firearm; **Ground Seventeen**: judge's abuse of discretion; **Ground Eighteen**: criminal offense conduct; **Ground Nineteen**: 18 U.S.C. § 924(c)(1)(A); **Ground Twenty**: 21 U.S.C. § 846 and 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) & (b)(1)(A)(ii); **Ground Twenty-One**: volume II amendments to particular guidelines, U.S.S.G. § 2D1.1 and 18 U.S.C. § 2**; Ground Twenty-Two**: rule- release on bonding [*sic*] pending appeal; **Ground Twenty-Four**: change of venue or § 455; **Ground Twenty-Five**: prosecutorial; **Ground Twenty-Six**: juries/jurors."[1] Docket No. 1, at 12, 13.

The court recognizes that pro-se litigants are entitled to a liberal construction of their pleadings and these are held to less stringent standards than formal pleadings drafted by

---

[1] The language used by Navedo-Ramirez in her motion to vacate was kept mostly intact, but the court took the liberty of fixing any citation errors. In Ground Thirteen, Petitioner did not specify whether she is referring to Johnson I or Johnson II, therefore the citation was left as is. See Docket No. 1.

lawyers. Nevertheless, while pro-se litigants are held to less stringent standards, their motions must meet certain fundamental requirements. See United States v. Nishnianidze, 342 F.3d 6, 18 (1st Cir. 2003). Specifically, all petitioners have the obligation of explicitly spelling out their arguments, as "it is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Issues that are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Id. Additionally, the First Circuit has held that:

> a significant bar on habeas corpus relief is imposed when a prisoner did not raise claims at trial or on direct review. In such cases, a court may hear those claims for the first time on habeas corpus review only if the petitioner has 'cause' for having procedurally defaulted [her] claims, and if the petitioner suffered 'actual prejudice' from the errors of which [she] complains.

Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007).

Here, Petitioner barely provides any support for Grounds Five through Nine, Twelve through Fifteen, Seventeen through Twenty-Two, and Twenty-Four through Twenty-Six. Indeed, it is impossible to decipher what she is requesting or alleging in the first place. Moreover, Petitioner does not provide any argument as to why these "issues" are not procedurally defaulted. Due to this lack of development, and the fact that these issues were not raised on trial or on appeal, Grounds Five through Nine, Twelve through Fifteen, Seventeen through Twenty-Two, and Twenty-Four through Twenty-Six are rejected.

### B. Grounds Previously Raised on Appeal

In Ground One, Petitioner alleges that the government engaged in sentencing factor manipulation. See Docket No. 1 at 4. On this ground, Petitioner requests the same sentencing relief that was granted to her co-defendant, José Nieves-Velez. See United States v. Nieves-Velez, 28 F.Supp.3d 131 (D.P.R. 2014). Because the facts of Nieves-Velez' case are not analogous to

those of Navedo-Ramirez', this court's finding of sentencing factor manipulation in <u>Nieves-Velez</u>, 28 F.Supp.3d 131, has no bearing on Navedo-Ramirez' present request. <u>See</u> <u>Navedo-Ramirez</u>, 781 F.3d at 570 n.2.

Additionally, in Ground Eleven Petitioner accuses the court of making several evidentiary errors. <u>See</u> Docket No. 1 at 12. Like in Ground One, Petitioner previously raised this issue on direct appeal, and the First Circuit addressed and decided her claims. <u>See</u> <u>Navedo-Ramirez</u>, 781 F.3d at 567-68. That fact, combined with Petitioner's failure to allege that there has been an intervening change in the law since then, bars her claims on collateral review. <u>See</u> <u>Tracey v. United States</u>, 739 F.2d 679, 682 (1st Cir. 1984) (quoting <u>United States v. Sanders</u>, 723 F.2d 34, 36 (8th Cir. 1983)) (holding that issues adjudicated in a prior appeal should generally not be reviewed again by way of a § 2255 motion without an intervening change in the applicable law).

### C. Double Jeopardy Claim

In Ground Two, Navedo-Ramirez argues that her constitutional protection against double jeopardy was infringed because she was allegedly tried twice for the same offense. Specifically, she alleges to have been "tried again for same offense with 'wording' (i.e. 'Attempt') being misused in order to obtain a guilty plea . . . ." Docket No. 1 at 5. As noted earlier, a jury acquitted Navedo-Ramirez of the conspiracy count, conspiracy to possess with intent to distribute cocaine, but found her guilty of the substantive count, that is, aiding and abetting an attempt to possess with intent to distribute cocaine. <u>See</u> Crim. No. 10-0344 (PG), Docket No. 487. It has long been understood that a "conspiracy to commit a crime is not the same offense as the substantive crime for double jeopardy purposes." <u>United States v. Fornia-Castillo</u>, 408 F.3d 52, 69 (1st Cir. 2005) (quoting <u>United States v. Lanoue</u>, 137 F.3d 656, 662 (1st Cir. 1998)). This has been justified under the premise that "the agreement to do the act is distinct from the [completed] act itself." <u>Id.</u> at 69 (quoting <u>United States v. Felix</u>, 503 U.S. 378, 390-391 (1992)). Therefore, conspiracy

to possess with intent to distribute cocaine is not the same offense as aiding and abetting an attempt to possess with intent to distribute cocaine. Because Navedo-Ramirez was never tried twice for the same offense, her double jeopardy claim fails.

**D. Sentencing Disparity Claims**

In Grounds Three, Four and Ten, Petitioner seeks to reduce her sentence based on changes to the United States Sentencing Guidelines (or "U.S.S.G."). See Docket No. 1 at 7, 8, 12. Navedo-Ramirez requests that the court apply Amendment 782 of the U.S.S.G. to reduce her 121-month sentence imposed as to the substantive count.[2] However, a § 2255 motion is not the adequate mechanism for presenting a sentencing amendment reduction petition such as the one at hand. See Rodriguez-Isaac v. United States. Civ. No. 14-1404, 2015 WL 4476218 at *3 (D.P.R. July 22, 2015). Instead, such a claim should be presented via a motion under 18 U.S.C. § 3582(c)(2). On April 18, 2016, Navedo-Ramirez did, in fact, present this sentencing amendment reduction request via a Motion to Reduce Sentence under the proper section, that is, § 3582(c)(2). Furthermore, on July 18, 2017, this court granted that request and reduced Petitioner's sentence. See Crim. No. 10-00344 (PG), Dockets No. 792, 804. Consequently, her renewed requests, as raised in Grounds Three, Four and Ten of her § 2255 motion, are hereby **DENIED.**

**E. Ineffective Assistance of Counsel Claim**

In Ground Sixteen, Navedo-Ramirez alleges that her Sixth Amendment right to the effective assistance of counsel was infringed because counsel failed to present appropriate arguments during the pre-trial, trial, and sentencing stages. See Docket No. 1 at 13; Docket No.

---

[2] Amendment 782 generated a 2-level reduction in all offense levels found in USSG §§ 2D1.1 and 2D1.11.

23 at 3, 10. Specifically, Navedo-Ramirez alleges that counsel failed to **(1)** argue that Petitioner's sentence should be reduced pursuant to Amendment 794; **(2)** secure a "valid plea agreement" that would accurately reflect her minor role in the sting operation; and **(3)** argue that a sting operation in which an undercover agent is involved is always considered entrapment. See Docket No. 23 at 2.

In order to establish ineffective assistance of counsel, Petitioner must prove that her attorney's performance was deficient and the deficient performance prejudiced her defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, the burden of proving counsel's deficiency falls squarely on the shoulders of the defendant, who must overcome "the presumption that, under the circumstances, that challenged action 'might be considered sound trial strategy.'" Id. at 689. Furthermore, failure to satisfy either prong of the Strickland test is fatal. See id. at 697.

Firstly, Navedo-Ramirez alleges that her counsel was ineffective because she failed to argue that Petitioner's sentence be reduced for minor role pursuant to Amendment 794. Amendment 794 modified the commentary to U.S.S.G. § 3B1.2, which provides a downward adjustment to the offense level of a defendant that had a minimal or minor role in the criminal activity for which she was charged. See Paz-Alvarez v. United States Civ. No. 16-1792, 2017 WL 1957002 at *5 (D.P.R. April 25, 2017) (quoting United States v. Cobb, 248 F.Supp.3d 637, 638 (E.D. Pa. 2017)). "Most notably, Amendment 794—which went into effect on November 1, 2015—added a list of factors that a court should consider in determining whether to decrease an individual's offense level under § 3B1.2." Id.

While Amendment 794 went into effect on November 1, 2015, the Sentencing Commission first published said amendment on May 5, 2015. See 80 Fed. Reg. 25, 782 (May 5, 2015). And on March 30, 2015, the First Circuit decided Navedo-Ramirez' appeal. See Crim. No. 10-00344

(PG), Docket No. 763. Therefore, it would be unreasonable to find that Petitioner's counsel was ineffective for failing to present the Amendment 794 argument given that the amendment was not known at the time of Petitioner's appeal. In any case, Amendment 794 is not retroactively applicable on collateral review, and therefore, it is not a cognizable claim under § 2255. See Shepard-Fraser v. United States, Cr. No. 09-113, 2017 WL 1386333 at *2 (D.P.R. April 18, 2017). Consequently, Petitioner's claim would still fail.

Navedo-Ramirez' claim that counsel was ineffective because she did not secure a plea agreement that took into consideration Petitioner's allegedly minor role in the operation is similarly flawed. Courts have recognized that counsel's assistance in obtaining a plea agreement was ineffective when a plea offer has been extended by the government and counsel fails to inform or educate the defendant about said offer.[3] Alternatively, this court has found that there is ineffective assistance of counsel when the defendant expressly states that she wishes to plead guilty in order to avoid a trial, but her counsel misses multiple opportunities to accept or negotiate a plea bargain. See United States v. Miranda, 50 F.Supp.3d 85 (D.P.R. 2014).

In the present case, the record shows that the government extended plea offers to Petitioner, which she rejected. See Crim. No. 10-344 (PG), Docket No. 649, at 28.[4] Yet, Navedo-Ramirez does not allege that counsel failed to notify or adequately instruct her as to the plea offers so made. Moreover, the record does not reveal, nor does Petitioner allege that she explicitly

---

[3] For example, in Lafler v. Cooper, 132 S.Ct. 1376 (2012), the Supreme Court of the United States determined that if a plea bargain has been offered, then the defendant has the right to effective assistance of counsel when determining whether or not to accept it. On the other hand, in Missouri v. Frye, 132 S.Ct. 1399 (2012), the Supreme Court found that there was ineffective assistance of counsel when counsel altogether failed to inform his client that there were plea offers on the table.

[4] For instance, on October 21, 2011, the government stated that, during the initial production of discovery, "the U.S. Attorney's office extended plea offers to these defendants, as they did to all the defendants in the Guard Shack cases." Crim. No. 10-344 (PG), Docket No. 649 at 28.

communicated with her counsel a desire to plead guilty to avoid trial. In short, Petitioner has not shown that her attorney was, in fact, deficient during the plea-bargaining stage, as required under the first prong of Strickland.

Finally, Navedo-Ramirez attempts to establish ineffective assistance of counsel by arguing that counsel's failure to present an entrapment defense caused her prejudice. She alleges that an entrapment occurs when an undercover agent is involved in a sting operation, as was the case with the operation that resulted in her arrest. It is well established that trial counsel is "under no obligation to raise meritless claims. Failure to do so does not constitute ineffective assistance of counsel." Acha v. United States, 910 F.2d 28, 32 (1st Cir. 1990). Moreover, an entrapment defense necessitates proof that the "government applied an improper degree of pressure or used other improper tactics to induce the crime. . . ." United States v. Diaz-Castro, 752 F.3d 101, 109 (1st Cir. 2014). The fact that an undercover agent was involved in the sting operation that resulted in Petitioner's arrest is not *prima facie* evidence that there was entrapment. In order for entrapment to occur, the government must exert additional pressure on the defendant.

As noted earlier, Navedo-Ramirez was brought into the sham drug transaction by Wendell Rivera-Ruperto, a former romantic partner who was not knowingly working with the government. The government never pressured Petitioner into participating in the sham drug transaction, be it directly or indirectly through Rivera-Ruperto as its unsuspecting intermediary. Therefore, the entrapment defense would have been meritless. Because counsel was under no obligation to present a meritless entrapment defense, the court cannot conclude that Navedo-Ramirez' assistance was ineffective on this ground.

In light of the foregoing, the court finds that Navedo-Ramirez' ineffective assistance of counsel claims are meritless, and her motion to vacate on these grounds is, therefore, **DENIED.**

### F. Evidentiary Hearing

Lastly, Navedo-Ramirez requests an evidentiary hearing.[5] See Docket No. 23 at 12. The First Circuit has held that "a prisoner who invokes section 2255 is not entitled to an evidentiary hearing as a matter of right." David v. United States, 134 F.3d 470, 477 (1st Cir. 1998). Furthermore, when a hearing is requested, a district court may properly deny it when "(1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations 'need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.'" David, 134 F.3d at 477 (quoting United States v. McGill, 11 F.3d 223, 225-226 (1st Cir. 1993)) (citation omitted). Petitioner's request for an evidentiary hearing is dependent on a series of allegations that, as has been explained, are eirther inadequate on their face or conclusory in nature. As such, Petitioner's request for an evidentiary hearing is hereby **DENIED**.

### IV. CONCLUSION

Based on the above, the court finds that Petitioner has failed to articulate an adequate argument proving that her "sentence was imposed in violation of the Constitution or laws of the United states, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. As a result, Navedo-Ramirez' present request for habeas corpus relief under § 2255 (Docket No. 1) is **DENIED.** The case is thus **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

---

[5] The court assumes that Ground Twenty-Three (Docket No. 1 at 13) is a request for an evidentiary hearing. If it is not, then said ground fails for the reasons explained in Section A, *supra.*

## V. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, August 3, 2018.

                                                        ***s/ Gustavo A. Gelpí***
                                                       GUSTAVO A. GELPÍ[*]
                                                       United States District Judge

---

[*] Due to Judge Juan M. Pérez-Giménez's unavailability, the undersigned has agreed to attend his docket.